(577 P.2d 367)

No. 49,053

ROBERT J. STANTON, Trustee of Tulsa Crude Oil Purchasing Company, and MILLER TRUCKING SERVICE, INC., *Appellants,* v. STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, *Appellee,* BECKER CORPORATION, THOMPSON TRANSPORT COMPANY, INC., KOCH INDUSTRIES, CLEAR CREEK TRANSPORTATION COMPANY, INC., WESTERN OIL TRANSPORTATION COMPANY, INC., and GROENDYKE TRANSPORT, INC., *Intervenors-Appellees.*

Petition for review denied June 14, 1978.

Opinion filed April 21, 1978.

*Clyde N. Christey* of Rooney, Rooney & Christey, of Topeka, and *Robert Woolsey* and *Harvey Lechner* of Farmer, Woolsey, Tips & Gibson, of Tulsa, Oklahoma, for the appellants.

*Thomas J. Pitner,* general counsel, of the State Corporation Commission of the State of Kansas, and *Jenifer L. Ewbank,* special counsel, of Oklahoma City, Oklahoma, for the appellee.

*Erle W. Francis,* of Topeka, for the intervenors Becker Corporation, Thompson Transport Company, Inc., Koch Industries, and Clear Creek Transportation Company, Inc.

*D. S. Hults,* of Lawrence, for the intervenor Groendyke Transport, Inc.

*Dennis L. Gillen,* of Wichita, for the intervenor Western Oil Transportation Company, Inc.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SPENCER, J.: This is an appeal from the judgment of the district court which affirmed an order of the State Corporation Commission denying reinstatement of the certificate of public convenience and necessity formerly held by Miller Trucking Service, Inc.

During the course of pre-hearing preparation by this court it

was discovered that, although the judgment of the district court was entered February 7, 1977, the notice of appeal was not filed until March 15, 1977, a date beyond the thirty-day period prescribed by K.S.A. 60-2103. Accordingly, an order was entered by this court directing the parties to brief the question of the jurisdiction of this court to hear the appeal.

It now appears that on February 15, 1977, local counsel for plaintiffs directed a letter to associate counsel in Oklahoma, enclosing a copy of the journal entry of judgment entered February 7, 1977, and advising them of the thirty-day statutory period in which to appeal. Notwithstanding, the Oklahoma counsel referred to their office library and concluded that, because an agency of the state was involved, the allowable time for appeal was sixty days after the entry of judgment. Their library apparently did not reflect the amendment to K.S.A. 60-2103 effective January 10, 1977. Upon realizing their mistake, plaintiffs' counsel immediately filed notice of appeal, along with an application to the district court for an extension of the statutory time because of excusable neglect. The trial judge took notice of the truism that all lawyers and judges are fallible, expressed his satisfaction that counsel had acted in the utmost of good faith, and concluded that the neglect was excusable. The trial court then granted leave to file notice of appeal out of time.

While most might agree wholeheartedly with the factual findings of the trial court, we are confronted directly with the express provisions of K.S.A. 60-2103(*a*) which are in part:

".  .  . [T]he time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by K.S.A. 60-258, *except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment* the district court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time herein prescribed  .  .  .  ." (Emphasis added.)

To their credit, plaintiffs' counsel do not claim failure to learn of the entry of judgment and readily admit that by any method of calculation the filing of the notice of appeal and the motion for extension of time was outside the thirty-day limit. It is suggested, however, that consideration be given to K.S.A. 60-206(*b*), "Enlargement," as justification for the action taken by the trial court.

Unless legislative intent appears otherwise, a special statute which relates to particular persons or things will take precedence over a statute dealing with a subject in general. *Seltmann v. Board*

*of County Commissioners,* 212 Kan. 805, 512 P.2d 334 (1973); *State v. Makin,* 223 Kan. 743, 576 P.2d 666 (1978). K.S.A. 60-206, last amended January 1, 1964, is a statute of general application, whereas K.S.A. 60-2103, which became effective January 10, 1977, is a statute dealing specifically with appellate procedure. Although subsection (*b*) of the former does provide for the enlargement of time for an act to be done where the failure to act was the result of excusable neglect, the latter permits an extension of time in which to take an appeal only upon a showing of excusable neglect based on failure of a party to learn of the entry of judgment. There is nothing in the record or elsewhere to our knowledge to indicate anything but that the legislature intended the specific provisions of K.S.A. 60-2103 to take precedence. We conclude that, in the absence of an affirmative showing that failure to file the notice of appeal within the prescribed thirty-day period was because of failure to learn of the entry of judgment, the district court was without authority to grant the extension of time.

It is the duty of an appellate court on its own motion to raise the question of jurisdiction to entertain an appeal, and when the record discloses a lack of jurisdiction it must dismiss the appeal. *Meddles v. Western Power Div. of Central Tel. & Utilities Corp.,* 219 Kan. 331, 548 P.2d 476 (1976); *Henderson v. Hassur,* 1 Kan. App. 2d 103, 562 P.2d 108 (1977).

As the notice of appeal was not filed in compliance with statutory requirements, the appeal must be dismissed.