No. 56,820

STATE OF KANSAS, *Appellee,* v. CEDRIC TRIPP, *Appellant.*

(699 P.2d 33)

Opinion filed May 10, 1985.

*Thomas E. Foster,* of Foster & Foster, of Kansas City, argued the cause and was on the briefs for appellant.

*Jerome A. Gorman,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Cedric Tripp has appealed his jury conviction of one count of rape (K.S.A. 21-3502). The defendant did not deny that sexual intercourse occurred with the alleged victim but contended the act was consensual and no rape was involved.

In view of the decision reached there is no necessity to set forth the facts in detail. At the outset, we are met with a jurisdictional challenge to the appeal. The State contends the appeal was not timely filed. On August 26, 1982, the defendant was found guilty by a jury; on September 24, 1982, he was sentenced pursuant to statute and granted probation; on July 29, 1983, defendant's probation was revoked for numerous reasons; on November 18, 1983, defendant filed a motion for modification of sentence; on February 16, 1984, the motion for modification was heard and denied by the trial court; and on February 24, 1984, defendant filed his notice of appeal from the original jury conviction and judgment entered thereon.

Under K.S.A. 22-3608(1), an appeal from a judgment of conviction must be taken no later than ten days after expiration of the district court's power to modify sentence. The State contends the district court's power to modify in this case ended in the early part of 1983, 120 days after imposition of the original sentence on September 24, 1982. Thus, the State argues, defendant's notice of appeal, filed almost one and one-half years later in February, 1984, was out of time and we are without jurisdiction. On the other hand, the defendant contends that under K.S.A. 1984 Supp. 21-4603 an appeal may be taken at any time within 120 days of the imposition of sentence or within 120 days after probation has been revoked. Hence, it is argued that as the defendant filed his motion to modify sentence on November 18, 1983, within 120 days of the revocation of his probation, and as the notice of appeal was filed promptly after the ruling on that motion the appeal is timely filed.

Some of the controlling statutes have been amended but the amendments do not affect the provisions pertinent to this case.

K.S.A. 1984 Supp. 21-4602 provides in part:

"As used in this article: . . . (3) 'Probation' is a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment subject to conditions imposed by the court and subject to the supervision of the probation service of the state, county or court;"

K.S.A. 1984 Supp. 21-4603 provides in part:

". . . .

(2) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

(a) Commit the defendant to the custody of the secretary of corrections . . .

. . . .

(c) release the defendant on probation subject to such conditions as the court may deem appropriate

. . . .

(e) impose any appropriate combination of (a), (b), (c) and (d)".

. . . .

(3) "*Any time within 120 days after a sentence is imposed* or within 120 days after probation has been revoked, *the court may modify such sentence* or revocation of probation by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. . . .

. . . .

(7) An application for or *acceptance of probation* or suspended sentence *shall not constitute an acquiescence in the judgment for purpose of appeal,* and any

convicted person may appeal from such conviction, as provided by law, without regard to whether such person has applied for probation or suspended sentence." (Emphasis added.)

K.S.A. 22-3608 provides:

"**Time for appeal to supreme court.** (1) If sentence is imposed, the defendant may appeal from the judgment of the district court not later than ten days after the expiration of the district court's power to modify the sentence. *The power to revoke or modify the conditions of probation shall not be deemed power to modify the sentence.*

(2) If the imposition of sentence is suspended, the defendant may appeal from the judgment of the district court within ten days after the order suspending imposition of sentence." (Emphasis added.)

No issue is raised with regard to the revocation of probation or with regard to the denial of defendant's application to modify sentence. The appeal of the defendant is based solely upon alleged errors in the original trial. Thus, we are faced with an interpretation of the above statutes. Does K.S.A. 1984 Supp. 21-4603(3) mean that if a defendant is sentenced and then placed upon probation and months or years later the probation is revoked the defendant may then appeal from his original conviction? We think not.

The right to appeal is entirely statutory and not a right vested in the federal or Kansas constitutions. *Griffin v. Illinois,* 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585 (1956); *Nall v. State,* 204 Kan. 636, 465 P.2d 957 (1970); *Ware v. State,* 198 Kan. 523, 426 P.2d 78 (1967). Kansas appellate courts have no jurisdiction to entertain an appeal unless the appeal is taken within the time limitations prescribed by applicable statutes. *State v. Thompson,* 221 Kan. 165, 167, 558 P.2d 1079 (1976).

When all of the foregoing statutes are read together we think it is clear that the legislature intended K.S.A. 1984 Supp. 21-4603(3) to mean that for a defendant to appeal his original conviction he must do so within 120 days of the imposition of sentence plus the 10 additional days granted under K.S.A. 22-3608(1). If defendant is placed on probation, as defined in K.S.A. 21-4602(3), which can only be done after imposition of sentence, and if that probation is later revoked more than 130 days from the date of imposition of sentence the defendant may only appeal the revocation. The last sentence of K.S.A. 22-3608(1), when read with the other statutes, clearly indicates the intent of the legislature. The legislature in enacting these statutes did not intend

that a defendant whose probation is revoked many months or years after conviction could then appeal alleged errors in his original trial.

We hold that defendant, not having filed his appeal within 130 days of the original imposition of sentence, is out of time to appeal his original conviction and this court lacks jurisdiction of this appeal.

The appeal is dismissed.