No. 60,847

DAN S. SCHROEDER, *et al., Appellees,* v. JOHN URBAN, *et al., Appellants.*

(750 P.2d 405)

Opinion filed February 19, 1988.

*James R. McEntire,* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, argued the cause for the appellants.

*Robert J. Lewis, Jr.,* of Lewis, Lewis & Beims, of Atwood, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

MILLER, J.: Do the appellate courts have jurisdiction to hear this appeal? The Court of Appeals dismissed for want of jurisdiction and we granted review. The jurisdictional question is the only issue we will decide in this case.

On February 23, 1987, the district court of Thomas County entered judgment against the Urbans, defendants and now appellants. The attorney who represented the Urbans at trial notified them of the judgment, and also declined to represent them on any appeal. On March 23, 1987, 28 days after the entry of judgment, the trial judge granted the defendants an additional 30 days to take their appeal. The ruling was made during a conference call between the judge and counsel for both plaintiffs and defendants, and was journalized on the same day. At that time, the Urbans were snowbound in their rural home, and had been unable to secure counsel to take their appeal. Within the 30-day extension, the Urbans secured new counsel and on April 22,

1987, filed their notice of appeal. On July 16, after notice, the Court of Appeals dismissed the appeal for lack of jurisdiction.

Appeals are governed by K.S.A. 60-2103(a), which reads in part as follows:

"60-2103. **Appellate procedure.** (a) *When and how taken.* When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by K.S.A. 60-258, except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time herein prescribed. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under subsection (b) of K.S.A. 60-250; or granting or denying a motion under subsection (b) of K.S.A. 60-252 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under K.S.A. 60-259 to alter or amend the judgment; or denying a motion for new trial under K.S.A. 60-259.

"A party may appeal from a judgment by filing with the clerk of the district court a notice of appeal."

Here, there was no motion to amend or make additional findings of fact or to alter or amend the judgment, nor was there a motion for new trial; thus, the running of the time for appeal was not terminated by the timely filing of such a motion. The Urbans were aware that judgment had been entered.

Extensions of time are ordinarily governed by K.S.A. 60-206(b), which reads as follows:

"(b) *Enlargement.* When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the judge for cause shown may at any time in the judge's discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under K.S.A. 60-250(b), 60-252(b), 60-259(b), (d) and (e) and 60-260(b) except to the extent and under the conditions stated in them."

In *Stanton v. KCC*, 2 Kan. App. 2d 228, 577 P.2d 367, *rev. denied* 225 Kan. 845 (1978), the Court of Appeals held that K.S.A.

60-2103(a), having been enacted subsequent to K.S.A. 60-206(b), and being a statute which deals specifically with appellate procedure, takes precedence and limits the power of the trial court to grant extensions of time to take an appeal except where there is a showing of excusable neglect based on a failure of a party to learn of an entry of judgment. The Court of Appeals dismissed the appeal, and we denied the petition for review.

*Stanton* is distinguishable from the case at bar. The party seeking to appeal in *Stanton* did not request an extension of time within the 30-day period fixed by K.S.A. 60-2103(a), nor did the trial court grant an extension within that time. Thus, in *Stanton,* the party who wanted to appeal was at the mercy of the trial court to grant an extension. In the present case, motion was made for an extension within the 30 days for appeal, and had the extension been denied, a notice of appeal could have been filed within the statutory 30 days. In the present case, application for an extension was made within the 30-day period, the extension was granted, the appellants relied upon the ruling of the trial judge granting that extension, and the notice of appeal was filed within the extension granted.

At the time the United States Supreme Court decided the case of *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 217, 9 L. Ed. 2d 261, 83 S. Ct. 283 (1962), Fed. R. Civ. Proc. 73(a) was in effect. See 12 Wright & Miller, Federal Practice and Procedure: Civil 2d § 3072 n.1 (1973). That rule permitted an extension of time for taking an appeal only "upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment," language identical to that of our K.S.A. 60-2103(a). The facts in *Harris* were that within the 30-day time for taking an appeal counsel moved for an additional fourteen days, the extension was granted by the trial court, and the notice of appeal was filed on the fourteenth day but after the expiration of the 30-day statutory period. The Court of Appeals for the 7th Circuit dismissed the appeal. The United States Supreme Court reversed, stating:

"In view of the obvious great hardship to a party who relies upon the trial judge's finding of 'excusable neglect' *prior* to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court. Whatever the proper result as an initial matter on the facts here,

the record contains a showing of unique circumstances sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling." 371 U.S. at 217.

The unique circumstances doctrine is discussed in 4A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1168 (1987), as follows:

"When employed in the context of an untimely appeal, the unique circumstances concept is based on a theory similar to estoppel. The Supreme Court seems to have concluded that a party ought not be denied an opportunity to appeal because of his failure to file a timely appeal when that failure resulted from reliance on action taken by the district court that generated a reasonable belief that an appeal could be initiated at a later date." (pp. 501-02.)

The District of Columbia Court of Appeals clearly and concisely explained the unique circumstances doctrine in *Aviation Enterprises, Inc. v. Orr,* 716 F.2d 1403, 1406 n.25 (D.C. Cir. 1983):

"Courts long have permitted parties to maintain otherwise untimely appeals in 'unique circumstances'—those in which the appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period, provided that the court's action occurs prior to expiration of the official period and that the appellant files a notice of appeal before expiration of the period apparently judicially extended."

In *Tobin Constr. Co. v. Kemp,* 239 Kan. 430, 721 P.2d 278 (1986), we considered, but found inapplicable under the facts of that case, the unique circumstances doctrine. In *Tobin,* judgment for plaintiff was entered in the district court. The plaintiff, dissatisfied with the award, prepared and served a motion to alter or amend judgment. The motion was left in the trial judge's office late on the evening of the tenth day. The trial judge was out of town and did not actually see or know of the motion for several days thereafter. We held that the motion was not timely filed, because of the procedure employed, and thus Tobin's cross-appeal was out of time. We considered the unique circumstances doctrine stated in *Harris,* but we determined that the facts in *Tobin* did not come within that doctrine.

Here, the Urbans requested an extension of time prior to the expiration of the original statutory period. The trial court, apparently not knowing it was without authority to do so, granted an extension of time. The Urbans relied in good faith upon the trial court's action extending the appeal period, and they filed

their notice of appeal within the extension of time granted by the trial court. Had the trial court denied the motion, counsel for the Urbans could have filed a timely notice of appeal.

The 10th Circuit recognized and applied the unique circumstances doctrine in *Stauber v. Kieser*, 810 F.2d 1 (10th Cir. 1982), wherein the plaintiff had relied upon the district court's improper granting of an extension of time to file a motion to alter or amend the judgment. The 10th Circuit stated:

"In these 'unique circumstances,' it would now work a great hardship on plaintiffs to dismiss the appeal as untimely. . . . The court is of the opinion that to do so would not be in the best interests of justice." 810 F.2d at 1-2.

Here, the purported extension was for a reasonable period of time, 30 days, the same length of time as the appeal time fixed by statute. Under the facts of this case, we conclude that we should apply the doctrine of unique circumstances.

The judgment of the Court of Appeals is reversed, and the case is remanded to that court with directions to reinstate the appeal and determine the matter on its merits.

LOCKETT, J., dissenting: I respectfully disagree with the holding of the majority. The controlling issue is not whether a party should be denied the right to an appeal because of "unique circumstances," but rather whether this court has the power to rewrite K.S.A. 60-2103(a) to allow the district judge upon a timely request to extend the time for an appeal?!

This court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Kansas Constitution, and when the record discloses a lack of jurisdiction, it is the duty of this court to dismiss the appeal. *State v. Moses*, 227 Kan. 400, 607 P.2d 477 (1980). Kansas appellate courts have no jurisdiction to entertain an appeal unless the appeal is taken within the time limitations prescribed by applicable statutes. *State v. Tripp*, 237 Kan. 244, Syl. ¶ 2, 699 P.2d 33 (1985).

Justice Miller in *State v. Moses*, 227 Kan. 400, reviewed whether the district court had jurisdiction to grant an extension of time to file notice of appeal under K.S.A. 60-2103(a). The court found that the portion of that statute granting an extension of time to appeal did not apply to a criminal proceeding. A unani-

mous court, which included five members of the present court, did determine that the filing of a timely notice of appeal is jurisdictional and that there was no express authority provided in K.S.A. 60-2103(a) for the district court to grant leave to file an appeal out of time.

The majority of this court in its opinion fails to acknowledge the restraints on our appellate jurisdiction imposed by the Kansas Constitution, the statutes, and our prior case law. The majority simply reviews our appellate statutes and adopts the federal courts' interpretation of the Federal Rules of Procedure. Rather than disregarding 127 years of Kansas law by rewriting 60-2103(a) to include the "unique circumstances" extension of the time to file an appeal, the majority could have stated that the legislature's enactment of K.S.A. 60-260(b)(6), which allows relief for any reason from the operation of a judgment, granted the district courts the power to extend the time of appeal.

Appellate jurisdiction cannot be created by this court, but can only be acquired and exercised where derived from the constitution or from statutes. Absent constitutional restrictions, the legislature determines in what cases, under what circumstances, and from what courts appeals may be taken. It is the legislature's right to impose restrictions as to time and the manner of appeal.

The majority has no right to usurp the power of the legislature and grant the district judges the right to extend the time for filing an appeal beyond the statutory period. The adoption of the "unique circumstances" doctrine renders the finality of every judgment suspect, unless the district judge finds that there exists no "unique circumstances" which require the extension of the appeal time. Every request to a district judge to extend the time to file an appeal becomes an appealable issue itself, whether the request is granted or not. The granite foundation, upon which appellate jurisdiction is based, has been replaced by the shifting sands of "unique circumstances."