No. 61,438

ORLETHA JOHNSON, Executor of the Estate of Emil Johnson, deceased, *Appellant*, v. AMERICAN CYANAMID COMPANY and LEDERLE LABORATORIES, *et al., Appellees.*

(758 P.2d 206)

Opinion filed June 3, 1988.

*Jerry W. Hannah,* of Hamilton & Hannah, of Topeka, argued the cause and *Gerald L. Michaud,* of Michaud & Hutton, of Wichita, argued the cause and was on the brief, and *Marlys A. Marshall,* of the same firm, was on the brief for appellant.

*Donald Patterson,* of Fisher, Patterson, Sayler and Smith, of Topeka, argued the cause, and *Steve R. Fabert,* of the same firm, and *Ronald J. Greene,* of Wilmer, Cutler & Pickering, of Washington, D.C., and *Carl Willner,* of the same firm, were with them on the brief for appellees.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal of the district court's denial of plaintiff's motion to vacate the judgment entered in *Johnson v. American Cyanamid Co.,* 239 Kan. 279, 718 P.2d 1318 (1986). The motion was brought on the ground the appellate judgment was obtained as a result of fraud on the part of counsel for defendant. The district court held that the alleged fraud was not material to the appellate decision.

On May 31, 1984, a Sedgwick County District Court jury returned a ten million dollar verdict in favor of Emil Johnson against American Cyanamid (Cyanamid) in his product liability suit against Cyanamid. Judge Nicholas Klein presided over the case. The precise nature of the claims asserted against Cyanamid, the evidence introduced at trial, and the issues raised in the appeal, as well as our disposition thereof, are thoroughly reported in *Johnson v. American Cyanamid Co.*, 239 Kan. 279, and need not be repeated herein. The judgment of the district court was reversed on appeal. Thereafter, plaintiff filed an action in the United States District Court for the District of Kansas (No. 86-1943-K) against Cyanamid and the members of this court alleging that our decision in *Johnson v. American Cyanamid Co.* had violated her civil rights. The federal case was dismissed on April 10, 1987, for lack of subject matter jurisdiction. On May 12, 1987, plaintiff filed a motion in the Sedgwick County District Court seeking to vacate the appellate judgment under K.S.A. 60-260(b)(3) alleging the same had been procured by Cyanamid's fraud upon this court. The motion was heard and denied by Judge Ron Rogg. Plaintiff appeals from the district court's denial of her motion.

In order to understand the allegation of fraud and the district court's denial of the motion to vacate, the procedural events following the return of the jury verdict must be set forth in detail. The trial of this case extended over some two months with the verdict being returned on May 31, 1984. The following day, June 1, 1984, two events occurred. Judge Klein filed an entry of judgment form and plaintiff filed a journal entry of judgment (the latter was not presented to or signed by counsel for Cyanamid as required by Rule 170 [1987 Kan. Ct. R. Annot. 90]). Judge Klein mailed copies of the entry of judgment form to counsel. Counsel for Dr. Branson, a codefendant, received their copy on June 2 and plaintiff's counsel received their copy on June 4. These copies were presumably mailed on June 1, 1984, although this is the subject of certain disputed affidavits to be discussed in detail later. We do not know when counsel for Cyanamid received their copy from the court. On June 4, 1984, Mark Hutton, one of plaintiff's counsel, sent the following letter to counsel for Cyanamid:

"Mr. Larry W. Wall
P. O. Box 997
Wichita, Kansas 67201
    "Re: Johnson v. Lederle
"Dear Larry:
"Enclosed is a certified copy of the Journal Entry of Judgment in the above-captioned matter. This Journal Entry was filed on Friday, June 1, 1984. I called your office on June 1 attempting to locate you or Susan Selvidge for your approval of this Journal Entry and I was advised that both of you were out of town and unable to approve the same. Because of the accruing of interest during the pendency of the appeal from the time of the filing of the Journal Entry of Judgment, it was necessary for me to attempt to secure the Judge's signature on the Journal Entry without your approval of same. I advised Judge Klein that I would allow you to make any changes or modifications to the Journal Entry which you deem appropriate.
"Please let me know of any changes or modifications you deem necessary and we will make the appropriate amendments to this Journal Entry.
                                        "Very truly yours,
                                        /s/Mark B. Hutton
                                        Mark B. Hutton"

On June 11, 1984, the following order was signed by Judge Klein and filed:

### "ORDER

    "NOW on this 11th day of June, 1984, the defendant American Cyanamid Company is granted ten (10) additional days herein to file its post-trial motions and memorandums of law.
    "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant American Cyanamid Company, shall have until June 21, 1984, to file its post-trial motions and memorandums of law herein.
    "IT IS FURTHER ORDERED that a stay of proceedings to enforce the judgment herein is granted during the pendency of the defendant's motion for a new trial or a directed verdict and during the pendency of the defendant's appeal to any appellate court until such time as the appellate process is fully completed. This Order staying proceedings of execution on the judgment herein shall become effective upon the filing of this Order with the Clerk of the District Court of Sedgwick County, Kansas, and shall continue throughout the appeal upon the filing of a supersedeas bond in the form attached hereto and marked Exhibit 'A.'
    "IT IS SO ORDERED.
                                        "/s/ Nicholas W. Klein
                                        Nicholas W. Klein, Judge"

The *order was approved* by Larry Wall and Susan P. Selvidge on behalf of Cyanamid and *by Mark B. Hutton on behalf of plaintiff.* Cyanamid's motions for a new trial, directed verdict,

and for a remittitur were filed on June 21, 1984. Plaintiff's lead counsel, Gerald Michaud, took an extended vacation after the trial and was out of the country during these post-trial activities. Cyanamid's motions were heard and overruled on July 20, 1984. On August 16, 1984, Cyanamid filed its notice of appeal.

On October 11, 1984, codefendant Branson (against whom the jury had found zero fault) filed a motion to dismiss Cyanamid's appeal. The thrust of this motion was that he had not been a party to the 10-day extension of time granted on June 11, 1984, to Cyanamid to file post-trial motions, hence the clock for filing such motions and appealing was not stopped by the entry of the extension order. On October 19, 1984, plaintiff filed a motion to dismiss the appeal which is best described as a "me, too" duplicate of Branson's motion. On October 25, 1984, Cyanamid filed a response to Branson's motion. The response recited the sequence of events following the return of the verdict mentioning Mr. Michaud's extended absence and the fact that the complex motion for new trial required the assistance of Cyanamid's New York corporate counsel. Attached to and made a part of the response was an affidavit of Susan Selvidge dated October 25, 1984, which states:

"AFFIDAVIT

"STATE OF KANSAS )
         )   SS:
SEDGWICK COUNTY )

"I, Susan Selvidge, one of the attorneys for the appellant American Cyanamid Company/Lederle Laboratories, of lawful age, being first duly sworn upon her oath, deposes and states:

"That I have contacted Judge Nicholas Klein of the Eighteenth Judicial District Court for Sedgwick County, Kansas and he has told me that he has no recollection of sending his Order dated June 1, 1984, entering judgment in Case No. 81 C 2470 to appellant's counsel.

"/s/ Susan P. Selvidge<br>Susan Selvidge"

The affidavit was properly subscribed and a copy of the response and affidavit were mailed to plaintiff's counsel on October 25, 1984. Cyanamid's response to the plaintiff's motion to dismiss incorporated the response to the Branson motion. This affidavit lies at the heart of plaintiff's present claim of fraud as will be more fully discussed later.

On December 6, 1984, the motions to dismiss filed by plaintiff and Branson were denied by this court with leave to renew at the time of oral argument. They were so renewed and in our opinion, filed May 19, 1986, we stated:

"The first issue before us originally arose on a motion, filed by defendant Branson, to dismiss the appeal (filed prior to the time the appeal was dismissed as to him). This motion was denied with leave to renew-and was subsequently renewed by the plaintiff rather than Branson. The issue concerns the time sequences involved in the filing of the notice of appeal and the filing and hearing of certain post-trial motions as well as irregularities in the filing of the journal entry of judgment. Little would be gained in setting forth in this opinion the complex factual and procedural history involved. It is sufficient to state that we have carefully considered the plaintiff's allegations relative to his motion to dismiss and find the same to be without merit." 239 Kan. at 283.

Plaintiff's motion for reconsideration was denied on July 2, 1986. Plaintiff's federal civil rights action, previously mentioned, was filed on December 3, 1986, and was dismissed by the federal court on April 10, 1987. The dismissal was not appealed.

On May 12, 1987, the motion to vacate involved herein was filed. Plaintiff contends that the reversal of the district court's judgment in the original case was the result of fraud by counsel for Cyanamid. What was the fraud? The affidavit of Susan Selvidge. Plaintiff obviously had been aware of the affidavit since October of 1984 when the same was filed and served on her counsel. Plaintiff contends that the falsity of the affidavit was only discovered on or about March 2, 1987, in a conversation with Judge Klein. Attached to the motion to vacate is the following affidavit from Judge Klein:

"AFFIDAVIT

"STATE OF KANSAS )
)  SS:
SEDGWICK COUNTY )

"I, JUDGE NICHOLAS KLEIN, District Judge of the Eighteenth Judicial District for Sedgwick County, Kansas, being duly sworn upon oath, do attest and state:

"That I signed a Memorandum/Docket/Entry of Judgment form on May 31, 1984, entering judgment on the jury verdict rendered in Case No. 81-C-2470, *Johnson vs. American Cyanamid Company, et al.* on that same date.

"That I filed said judgment form with the Clerk of Court on June 1, 1984, and mailed three (3) copies of the judgment form to all counsel of record in the case, Randall Fisher, Larry Wall and Gerald Michaud, that same date of June 1, 1984.

"That I did not enclose a transmittal letter with the judgment form, but did mail the form without cover to each of the parties in that action.

"Further, that I was subsequently contacted by Susan Selvidge, one of the counsel for American Cyanamid in the case and informed her that the judgment form had been mailed to all parties on June 1, 1984, but that no transmittal letter had been prepared or mailed. Therefore, the statements attributed to me by Susan Selvidge are false. I had no knowledge of an affidavit prepared and filed by Susan Selvidge with the Supreme Court of Kansas until I was so informed of that fact on February 25, 1987.

"FURTHER AFFIANT SAITH NOT.

"/s/ Nicholas W. Klein

NICHOLAS KLEIN
[Subscription omitted.]"

(Note: There is some inconsistency in the dates as the Klein affidavit sets the "discovery" date earlier than Michaud's affidavit concerning discovery of the fraud—but this is not significant to any issue herein.) Plaintiff contends that the Selvidge affidavit offers the only possible legal basis for our conclusion that we had jurisdiction in the original appeal and hence was a fraud upon this court mandating vacation of our judgment. The district court, with approval of counsel for both plaintiff and Cyanamid, entered an order on June 11, 1984, granting a ten-day extension for the filing of post-trial motions. When, or if, Cyanamid had received a copy of the entry of judgment form had nothing to do with the extension granted. The allegedly fraudulent Selvidge affidavit did not come into being until October 1984. Judge Klein states in his 1987 affidavit that he mailed a copy of the entry of judgment form to Cyanamid on June 1, 1984. Let us assume that he did and that the same was received either on Saturday, June 2, 1984, or Monday, June 4, 1984. The order extending the time was filed on June 11, 1984 — within ten days of the entry of judgment itself without any additional time being added for service of the copy by mail. Plaintiff argues that failure to receive the copy of the entry of judgment promptly after its entry is the only valid reason for granting the extension and stopping the clock on the running of the time for appeal. For support she relies upon K.S.A. 60-2103(a), which states in part:

"(a) *When and how taken.* When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by K.S.A. 60-258, except that upon a showing of excusable neglect based on a failure of a party to

learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time herein prescribed. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under subsection (b) of K.S.A. 60-250; or granting or denying a motion under subsection (b) of K.S.A. 60-252 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under K.S.A. 60-259 to alter or amend the judgment; or denying a motion for new trial under K.S.A. 60-259."

In denying defendant's motion to vacate herein, the district court ruled that the issue of fraud did not control this court's decision to grant the appeal in the underlying case, reasoning as follows:

"It is clear from the record that the 'Unique Circumstances Doctrine' was argued to the Kansas Supreme Court in regard to the timeliness of the filing of the post-trial motions of the defendants. That doctrine was urged on the basis that:

" 'By the time of the hearing on the post-trial motions, defendants on the court's extension and the court's delay in hearing the post-trial motions until plaintiff's counsel returned from his vacation in Europe has caused the time for appeal to expire, if calculated from the court's entry of judgment on the jury verdict. The actions of Judge Klein, a judge with nineteen years' experience in disposing of the post-trial motions on the merits in spite of the appellee Branson's objections at the hearing, further led appellee to believe that the time of its Notice of Appeal should be calculated from the ruling on the post-trial motions. If Judge Klein had taken any action to suggest that appellant's post-trial motions might be untimely, appellant might have elected to file a motion under K.S.A. 60-2103 for an extension of time for appeal.' (Page 14 of 'Response to Appellee Vernon Branson, M.D.'s Motion to Dismiss Appeal' filed in the Supreme Court of the State of Kansas.)

"Although the Kansas Supreme Court does not specifically give the basis for its denial of the motion to dismiss on the timeliness issue, it is clear that the 'Unique Circumstances Doctrine,' on the basis above set out, could have formed the basis for the Court to deny the motion to dismiss. *Gribble vs. Harris*, 625 F.2d 1173, 1174 (5th Cir. 1980) summarizes the doctrine's application in this case:

" 'The "Unique Circumstances" doctrine has been used by Circuit Courts of appeal to temper the strict requirements of Rule 6(b) and to allow untimely appeal, when the appellant has reasonably relied upon the District Court's erroneous extension of time allowed for filing Rule 52 or Rule 59 motions, or its entertaining of such motions despite their untimeliness.'

"The denial on that basis is independent of whether or not fraud was practiced by the defendants in presenting their resistance to the motion to dismiss. Therefore, I conclude that the fraud as alleged in the motion to vacate, if it

occurred, was not material to the Supreme Court's decision in denying the motion to dismiss on the timeliness issue. Therefore, the motion to vacate filed by the plaintiff is hereby denied."

We have recently had an opportunity to discuss the "unique circumstances" doctrine in some detail and apply the same in the case of *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 (1988). By virtue of its great significance to the issue before us, it is worthwhile to include much of that opinion herein as follows:

"On February 23, 1987, the district court of Thomas County entered judgment against the Urbans, defendants and now appellants. The attorney who represented the Urbans at trial notified them of the judgment, and also declined to represent them on any appeal. On March 23, 1987, 28 days after the entry of judgment, the trial judge granted the defendants an additional 30 days to take their appeal. The ruling was made during a conference call between the judge and counsel for both plaintiffs and defendants, and was journalized on the same day. At that time, the Urbans were snowbound in their rural home, and had been unable to secure counsel to take their appeal. Within the 30-day extension, the Urbans secured new counsel and on April 22, 1987, filed their notice of appeal. On July 16, after notice, the Court of Appeals dismissed the appeal for lack of jurisdiction.

"Appeals are governed by K.S.A. 60-2103(a), which reads in part as follows:

" '60-2103. **Appellate procedure.** (a) *When and how taken.* When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by K.S.A. 60-258, except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time herein prescribed. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under subsection (b) of K.S.A. 60-250; or granting or denying a motion under subsection (b) of K.S.A. 60-252 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under K.S.A. 60-259 to alter or amend the judgment; or denying a motion for new trial under K.S.A. 60-259.

" 'A party may appeal from a judgment by filing with the clerk of the district court a notice of appeal.'

"Here, there was no motion to amend or make additional findings of fact or to alter or amend the judgment, nor was there a motion for new trial; thus, the running of the time for appeal was not terminated by the timely filing of such a motion. The Urbans were aware that judgment had been entered.

"Extensions of time are ordinarily governed by K.S.A. 60-206(b), which reads as follows:

" '(b) *Enlargement.* When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the judge for cause shown may at any time in the judge's discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under K.S.A. 60-250(b), 60-252(b), 60-259(b), (d) and (e) and 60-260(b) except to the extent and under the conditions stated in them.'

"In *Stanton v. KCC*, 2 Kan. App. 2d 228, 577 P.2d 367, *rev. denied* 225 Kan. 845 (1978), the Court of Appeals held that K.S.A. 60-2103(a), having been enacted subsequent to K.S.A. 60-206(b), and being a statute which deals specifically with appellate procedure, takes precedence and limits the power of the trial court to grant extensions of time to take an appeal except where there is a showing of excusable neglect based on a failure of a party to learn of an entry of judgment. The Court of Appeals dismissed the appeal, and we denied the petition for review.

"*Stanton* is distinguishable from the case at bar. The party seeking to appeal in *Stanton* did not request an extension of time within the 30-day period fixed by K.S.A. 60-2103(a), nor did the trial court grant an extension within that time. Thus, in *Stanton*, the party who wanted to appeal was at the mercy of the trial court to grant an extension. In the present case, motion was made for an extension within the 30 days for appeal, and had the extension been denied, a notice of appeal could have been filed within the statutory 30 days. In the present case, application for an extension was made within the 30-day period, the extension was granted, the appellants relied upon the ruling of the trial judge granting that extension, and the notice of appeal was filed within the extension granted.

"At the time the United States Supreme Court decided the case of *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217, 9 L. Ed. 2d 261, 83 S. Ct. 283 (1962), Fed. R. Civ. Proc. 73(a) was in effect. See 12 Wright & Miller, Federal Practice and Procedure: Civil 2d § 3072 n.1 (1973). That rule permitted an extension of time for taking an appeal only 'upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment,' language identical to that of our K.S.A. 60-2103(a). The facts in *Harris* were that within the 30-day time for taking an appeal counsel moved for an additional fourteen days, the extension was granted by the trial court, and the notice of appeal was filed on the fourteenth day but after the expiration of the 30-day statutory period. The Court of Appeals for the 7th Circuit dismissed the appeal. The United States Supreme Court reversed, stating:

'In view of the obvious great hardship to a party who relies upon the trial judge's finding of "excusable neglect" *prior* to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court. Whatever the proper result as an initial matter on the facts here,

the record contains a showing of unique circumstances sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling.' 371 U.S. at 217.

"The unique circumstances doctrine is discussed in 4A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1168 (1987), as follows:

" 'When employed in the context of an untimely appeal, the unique circumstances concept is based on a theory similar to estoppel. The Supreme Court seems to have concluded that a party ought not be denied an opportunity to appeal because of his failure to file a timely appeal when that failure resulted from reliance on action taken by the district court that generated a reasonable belief that an appeal could be initiated at a later date.' (pp. 501-02.)

"The District of Columbia Court of Appeals clearly and concisely explained the unique circumstances doctrine in *Aviation Enterprises, Inc. v. Orr*, 716 F.2d 1403, 1406 n.25 (D.C. Cir. 1983):

'Courts long have permitted parties to maintain otherwise untimely appeals in "unique circumstances"—*those in which the appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period, provided that the court's action occurs prior to expiration of the official period and that the appellant files a notice of appeal before expiration of the period apparently judicially extended.*'

"In *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, 721 P.2d 278 (1986), we considered, but found inapplicable under the facts of that case, the unique circumstances doctrine. In *Tobin,* judgment for plaintiff was entered in the district court. The plaintiff, dissatisfied with the award, prepared and served a motion to alter or amend judgment. The motion was left in the trial judge's office late on the evening of the tenth day. The trial judge was out of town and did not actually see or know of the motion for several days thereafter. We held that the motion was not timely filed, because of the procedure employed, and thus Tobin's cross-appeal was out of time. We considered the unique circumstances doctrine stated in *Harris*, but we determined that the facts in *Tobin* did not come within that doctrine.

"Here, the Urbans requested an extension of time prior to the expiration of the original statutory period. The trial court, apparently not knowing it was without authority to do so, granted an extension of time. The Urbans relied in good faith upon the trial court's action extending the appeal period, and they filed their notice of appeal within the extension of time granted by the trial court. Had the trial court denied the motion, counsel for the Urbans could have filed a timely notice of appeal.

"The 10th Circuit recognized and applied the unique circumstances doctrine in *Stauber v. Kieser*, 810 F.2d 1 (10th Cir. 1982), wherein the plaintiff had relied upon the district court's improper granting of an extension of time to file a motion to alter or amend the judgment. The 10th Circuit stated:

'In these "unique circumstances," it would now work a great hardship on plaintiffs to dismiss the appeal as untimely. . . . The court is of the opinion that *to do so would not be in the best interests of justice.*' 810 F.2d at 1-2.

"Here, the purported extension was for a reasonable period of time, 30 days, the same length of time as the appeal time fixed by statute. Under the facts of this

case, we conclude that we should apply the doctrine of unique circumstances." 242 Kan. at 710-14.

In *Schroeder* the 30-day period for filing an appeal was about to expire when the district judge extended the time therefor. Although not stated in the opinion, counsel for the appellee opposed the extension, although not on jurisdictional grounds. In the case before us, the extension did not come into being to extend, directly, the time for filing an appeal, but rather the ten-day period for filing post-trial motions. Had the court denied the motion, Cyanamid would still have had several days to appeal from the judgment by anyone's calculation of precisely when the 30-day period commenced to run. Counsel for plaintiff not only did not object to the extension, he approved of it. The district court was presented with an order extending the time which was approved by the plaintiff, who now argues it was an invalid order of no force and effect. Yet, clearly, Cyanamid reasonably and in good faith relied upon the order extending the time for the filing of the post-trial motions. Within the time frame of the extension, Cyanamid filed its post-trial motions (June 21, 1984). The original 30-day appeal time from the entry of judgment had not yet expired when these motions were filed, but Cyanamid, in reliance on the extension, did not appeal until after its post-trial motions had been denied. The unique circumstances doctrine is particularly applicable to the facts herein.

Our original opinion in *Johnson v. American Cyanamid Co.*, 239 Kan. 279, was a lengthy opinion involving complex issues on the merits. With the wisdom of hindsight, it is unfortunate that we did not extend that opinion even further by a full recitation therein of the complex procedural facts following the entry of judgment which have been included in this opinion, and specifically stated our reliance on the doctrine of unique circumstances in finding we had jurisdiction of the appeal.

We conclude that the district court did not err in denying plaintiff's motion to vacate on the basis that the alleged fraud was not material to our original opinion.

By virtue of the result reached herein, it is unnecessary to determine the issues raised by Cyanamid.

The judgment is affirmed.

LOCKETT, J., concurring: I remain firm in my belief that the adoption of the "unique circumstances" doctrine to extend the time for appeal is a usurpation of legislative power. See *Schroeder v. Urban*, 242 Kan. 710, 714, 750 P.2d 405 (1988) (Lockett, J., dissenting). However, since the majority has determined that this is the law, I concur in the result.