No. 104,435

JAMES C. WOODS, *Appellant*, v. UNIFIED GOVERNMENT OF
WYCO/KCK, *Appellee.*

(275 P.3d 46)

Opinion
filed April 27, 2012.

*Timothy J. Evans*, of Evans & Mullinix, P.A., of Shawnee, argued the cause and
was on the brief for appellant.

*Jason B. Prier*, of Orrick & Associates, L.L.P., of Overland Park, argued the cause, and *Patrick R. Watkins* and *Timothy P. Orrick*, of the same firm, were with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: James C. Woods appeals the district court's dismissal of his appeal of the appraisers' award in an eminent domain action initiated by the Unified Government of Wyandotte County/ Kansas City, Kansas (Unified Government). The district court found that Woods' notice of appeal, filed 48 days after the filing of the appraisers' report, was untimely under K.S.A. 2009 Supp. 26-508. Woods contends that Unified Government failed to comply with the notice requirements applicable to eminent domain proceedings and, therefore, the district court should have extended the 30-day statutory deadline for appealing the appraisers' award. Finding that the district court did not have the authority to extend or modify K.S.A. 2009 Supp. 26-508's jurisdictional requirement that a party's notice of appeal of an appraisers' award must be filed within 30 days of the filing of the appraisers' report, we dismiss Woods' appeal.

## FACTUAL AND PROCEDURAL OVERVIEW

In 2009, Unified Government commenced a proceeding to condemn certain real estate, including a tract owned by Woods. On December 2, 2009, the court-appointed appraisers filed their report, fixing the amount of the awards for the property affected by the eminent domain action. On December 7, Unified Government filed a document with the district court entitled "Notice of Filing of Appraisers' Report," which recited that Unified Government had informed the named defendants that the appraisers' report had been completed and that the report was filed in the office of the Clerk of the District Court of Wyandotte County. Woods now contends that he did not receive the notice that the appraisers' report had been filed.

On December 21, 2009, Unified Government paid the awards for all of the condemned real estate, and Woods acknowledges that on the following day, December 22, he received notice from Unified Government that his award had been paid into the district

court. Woods did not file his notice of appeal of the appraisers' award on his condemned real estate until January 19, 2010. Unified Government responded with a motion to dismiss Woods' appeal as untimely.

The district court heard the motion to dismiss on April 6, 2010. At that hearing, Woods' attorney simply argued that he had believed that he had 30 days from the December 22 notice of award payment in which to file his client's notice of appeal. The attorney also mentioned that he had been informed by counsel for Unified Government that "there was a certificate of mailing of this notice of the appraisers award on December 2nd or shortly after that period of time." But Woods' counsel asserted that the only notice Woods received was the December 22 notice of award payment. In response to the court's direct inquiry as to the documents that he had received, Woods stated that "[t]hey sent me other information out in regards to the meeting that was taking place and the appraisal." No attempt was made to identify the other documents to which Woods might have been referring.

Subsequently, on April 15, 2010, the district court dismissed Woods' appeal, finding that it was barred because it was filed past the statutory deadline. Woods then filed this appeal, in which he simply states the issue to be: "Did Mr. Woods timely file his appeal?" His argument revolves around a contention that Unified Government failed to mail him notice of the December 2, 2009, filing of the appraisers' report and, therefore, he is not bound by the statutory appeal period. Unified Government responds by: (1) complaining that Woods has changed his argument on appeal; (2) contending that it substantially complied with the statutory notice requirements of K.S.A. 2009 Supp. 26-505; and (3) arguing that the district court lacked subject matter jurisdiction to hear the appeal.

## APPELLATE JURISDICTION

Woods' argument on appeal hinges upon his contention that Unified Government did not comply with the notice provisions of the Eminent Domain Procedures Act, K.S.A. 26-501 *et seq.* (EDPA). See K.S.A. 26-516 (naming the Act). Specifically, Woods

points to K.S.A. 2009 Supp. 26-505, which required Unified Government, within 3 days of receiving notice that the appraisers had filed their report with the clerk of the district court, to mail a written notice of the filing of the appraisers' report to every person who owned any interest in any of the property being taken, and then to file in the office of the clerk of the district court an affidavit showing proof of the mailing of such notice. Woods asserts that Unified Government did not mail him a notice of the filing of the appraisers' report and that Unified Government also failed to file the required affidavit with the court.

Unified Government acknowledges that it did not file an affidavit with the court. However, it asserts that the document it did file, entitled "Notice of Filing of Appraisers' Report," substantially complied with the statutory notice requirements. Further, Unified Government argues that the district court never acquired jurisdiction over the appeal because of the untimely notice of appeal. Accordingly, we begin with the jurisdiction question, because if a district court lacks subject matter jurisdiction over an issue, an appellate court does not acquire jurisdiction over the matter on appeal. See *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004).

*Standard of Review*

The existence of appellate jurisdiction is a question of law over which an appellate court possesses unlimited review. *State v. Denney*, 283 Kan. 781, 787, 156 P.3d 1275 (2007).

Kansas courts only have such appellate jurisdiction as is conferred by statute, and in the absence of compliance with the statutory rules, a court has the duty to dismiss the appeal. *In re Condemnation of Land v. Stranger Valley Land Co.*, 280 Kan. 576, 578, 123 P.3d 731 (2005). To the extent we must engage in statutory interpretation to determine jurisdictional circumstances, this court has unlimited review. See *In re D.M.-T.*, 292 Kan. 31, 33, 249 P.3d 418 (2011).

*Analysis*

"An eminent domain proceeding is a special statutory proceeding and is not a civil action covered by the code of civil procedure." *Miller v. Bartle*, 283 Kan. 108, Syl. ¶ 2, 150 P.3d 1282 (2007). Instead, "[t]he procedure for exercising eminent domain, as set forth in [the EDPA], shall be followed in all eminent domain proceedings." K.S.A. 2009 Supp. 26-501(a). The EDPA provision governing Woods' attempt to appeal was K.S.A. 2009 Supp. 26-508, which provided:

"(a) If the plaintiff, or any defendant, is dissatisfied with the award of the appraisers, such party, within 30 days after the filing of the appraisers' report, may appeal from the award by filing a written notice of appeal with the clerk of the district court. The appeal shall be deemed perfected upon the filing of the notice of appeal. In the event any parties shall perfect an appeal, copies of such notice of appeal shall be mailed to all parties affected by such appeal, within three days after the date of the perfection thereof. An appeal by the plaintiff or any defendant shall bring the issue of damages to all interests in the tract before the court for trial *de novo*. The appeal shall be docketed as a new civil action, the docket fee of a new court action shall be collected and the appeal shall be tried as any other civil action. The only issue to be determined therein shall be the compensation required by K.S.A. 26-513, and amendments thereto.

"(b) This section, as amended by this act, shall be construed and applied prospectively, as well as retroactively to July 1, 2003, and shall apply to all eminent domain proceedings pending on or commenced after July 1, 2003."

In *Stranger Valley*, this court had occasion to construe a prior version of the statute—K.S.A. 2004 Supp. 26-508—to identify which of the requirements set forth in the statute were jurisdictional. That version did not have a subsection (b), and the first sentence of the prior statute read as follows:

"If the plaintiff, or any defendant, is dissatisfied with the award of the appraisers, such party, within 30 days after the filing of the appraisers' report, may appeal from the award by filing a written notice of appeal with the clerk of the district court *and paying the docket fee of a new court action*." (Emphasis added.) K.S.A. 2004 Supp. 26-508.

Likewise, the next sentence of the current statute, providing that the appeal is deemed perfected upon the filing of the notice of appeal, was not contained in the prior version being applied in *Stranger Valley*. 280 Kan. at 578-79; L. 2006, ch. 192, sec. 13.

Ultimately, the *Stranger Valley* court found that the two require-ments set forth in the first sentence of the statute, *i.e.*, timely filing the notice of appeal and paying the docket fee, were jurisdictional requirements. However, the remainder of the statute dealt with procedures to be followed *after* the appeal was perfected, and, therefore, those requirements were not jurisdictional. Specifically in that regard, *Stranger Valley* held that "the failure to docket the appeal as a new civil action does not defeat subject matter juris-diction." 280 Kan. 576, Syl.

Importantly for our purposes, *Stranger Valley* also noted that a district court is "without jurisdiction to enlarge the time for filing a notice of appeal in an eminent domain proceeding pursuant to K.S.A. 2004 Supp. 60-206(b) or to permit a filing out of time for excusable neglect as provided by K.S.A. 60-260(b). [Citation omit-ted.]" 280 Kan. at 586. That holding is consistent with our subse-quent declaration in *Bartle* that an eminent domain case is a special statutory proceeding to which the Kansas Code of Civil Procedure is inapplicable. 283 Kan. 108, Syl. ¶ 2.

Shortly after the December 9, 2005, filing of *Stranger Valley*, the current version of 26-508 was published in the *Kansas Register* on May 25, 2006. L. 2006, ch. 192, sec. 13. It is obvious that the 2006 amendments were intended to clarify that the paying of the docket fee was not to be a jurisdictional requirement, contrary to the holding in *Stranger Valley*. But, pointedly, while the legislature was amending 26-508, it did not alter or amend the portion of the "plain and unambiguous language of the first sentence of the stat-ute," which *Stranger Valley* said requires "[t]he filing of a notice of appeal within 30 days" to perfect an appeal. 280 Kan. at 580. In other words, the legislature left intact this court's holding that the filing of a notice of appeal within 30 days of the filing of the ap-praisers' report is a jurisdictional requirement.

Likewise, the legislative amendments to 26-508 did nothing to alter or amend *Stranger Valley*'s declaration that a district court has no *statutory* authority to enlarge or extend the period in which a dissatisfied party can appeal the appraisers' award. Surely, if the legislature had intended otherwise, it could have set forth any ex-ceptions to the strict application of the filing deadline when it was

amending 26-508 to eliminate the paying of the docket fee as a jurisdictional requirement. It did not do so. Accordingly, the plain and unambiguous language of K.S.A. 2009 Supp. 26-508 makes the filing of a notice of appeal within 30 days of the filing of the appraisers' report an absolute requirement to invoke the subject matter jurisdiction of the district court, and there are no statutory exceptions which would authorize the district court to enlarge or modify the statutory deadline.

Woods intimates that it is unfair to strictly apply the jurisdictional requirement in his case, because he was not properly advised of the filing date of the appraisers' report, *i.e.*, he did not get timely notice that the 30-day period had commenced to run. The evidence is conflicting on that point. Moreover, one's first response to such an equitable argument might be that, on the date that Woods acknowledges he received such notice (December 22, 2009), he still had plenty of time to get a timely notice of appeal filed with the district court by the deadline of January 4, 2010. He has not explained what prevented him from doing so.

Nevertheless, we could not offer Woods relief regardless of the facts or the equities in his case. Recently, we abolished the unique circumstances doctrine, which previously had allowed a discretionary enlargement of the time to appeal in equitable situations such as where the district court had misled the appellant on the time to appeal. *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 120, 260 P.3d 387 (2011) (overruling *Johnson v. American Cyanamid Co.*, 243 Kan. 291, 758 P.2d 206 [1988], and *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 [1988]). Our *Park City* decision was principally based on *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007), wherein the United States Supreme Court held: "Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate." *Bowles*, 551 U.S. at 214. Given that an appeal to the district court from an appraisers' award in an eminent domain action is nevertheless an appellate proceeding, see *Stranger Valley*, 280 Kan. at 578, the district court, like the United States Supreme Court and Kansas Supreme Court, had no authority to create any equitable exception

to the jurisdictional requirement that the notice of appeal be filed within 30 days of the appraisers' report.

In other words, the district court had no other choice but to dismiss the untimely-filed appeal. Likewise, we have no choice but to dismiss this appeal because we are powerless to review an issue over which the district court lacked subject matter jurisdiction.

Before concluding, however, we pause to clarify that our decision does not mean that we are offering any opinion as to the validity of Woods' claim of procedural impropriety. Unified Government should have been constrained to exercise its power of eminent domain "only on the occasion and in the mode and manner prescribed by the legislature. Statutes conferring and circumscribing the power of eminent domain must be strictly construed." *Nat'l Compressed Steel Corp. v. Unified Gov't of Wyandotte County/Kansas City*, 272 Kan. 1239, 1255, 38 P.3d 723 (2002). Further, we do not decide whether the notice Woods received comported with due process. However, those issues were improper subjects for an appeal of the appraisers' award pursuant to K.S.A. 2009 Supp. 26-508, where the court "does not have jurisdiction to consider constitutional issues or any issue other than the compensation due under K.S.A. 26-513." *Bartle*, 283 Kan. at 121. Woods' "outside issues," such as the Unified Government's improper exercise of its power of eminent domain or any alleged violation of Woods' due process rights, could "only be litigated in a separate civil action, usually by suit for injunction." *Nat'l Compressed Steel Corp.*, 272 Kan. at 1245. Woods failed to seek that remedy.

Appeal dismissed.