(193 P.3d 499)
No. 98,398

BILL ROWLAND and LOIS J. ROWLAND, *Appellees*, v. JON R. BARB, DEBRA G. BARB, DONALD W. BADGETT, and DONNA M. BADGETT, *Appellants*.

Opinion filed October 3, 2008.

*James S. Oswalt*, of Hutchinson, for appellants.

*Thomas A. Dower*, of Gilliland & Hayes, P.A., of Hutchinson, for appellees.

Before CAPLINGER, P.J., MARQUARDT and STANDRIDGE, JJ.

CAPLINGER, J.: This appeal involves a dispute over real property located in Reno County. Jon R. and Debra G. Barb (the Barbs)

and Donald W. and Donna M. Badgett (the Badgetts) (collectively, the appellants) appeal from the district court's determination that they did not obtain ownership of the disputed strip of land through adverse possession, nor did they obtain a prescriptive easement. Additionally, the appellants challenge the district court's damages award to Bill and Lois J. Rowland (the Rowlands).

We do not reach the merits of this appeal, however, because the appellants' failure to file their notice of appeal within the statutory period created a jurisdictional defect which is not subject to the statutory exception for excusable neglect. See K.S.A. 60-2103(a). Further, to the extent the doctrine of unique circumstances remains viable in Kansas after *Finley v. Estate of DeGrazio*, 285 Kan. 202, 170 P.3d 407 (2007), the facts of this case preclude application of the doctrine. Accordingly, this appeal is dismissed.

### Factual and procedural background

The underlying facts of this dispute are set forth in *Rowland v. Barb*, No. 94,151, unpublished opinion filed August 11, 2006 (*Rowland I*), and need not be repeated here. Highly summarized, the parties continue to dispute ownership of an approximate 700-foot strip of land which lies between two parcels of land formerly owned by the Rowlands. More than 20 years ago, the Barbs purchased one parcel and the Badgetts purchased the other. The Rowlands retained ownership, by title, of the strip of land between the parcels for use as a southern access route to their pasture on the northern border of the parcels sold to the appellants.

Procedurally, the case began in October 2003 when the Rowlands filed a petition to eject the appellants from the disputed strip of land and to recover damages for trespass. In a counterclaim, the appellants asserted they had obtained ownership of the strip of land through adverse possession or, alternatively, that they had obtained a prescriptive easement. The district court concluded the appellants failed to establish their claim of adverse possession, found in favor of the Rowlands, and awarded $15,000 in damages. The appellants moved for reconsideration, and the district court reversed its decision, concluding the appellants did obtain ownership of the land through adverse possession, awarding legal title to the appel-

lants and rescinding the award of damages. The district court denied the Rowlands' subsequent motion for reconsideration, and the Rowlands appealed to this court.

On appeal, the panel reviewed the district court's factual findings and concluded the findings were insufficient to support the element of exclusive possession for a period of 15 years. *Rowland I,* slip op. at 6-10. Thus, the panel reversed and remanded "for additional findings of fact as to whether the defendants were in exclusive possession," and noted that the issue of damages "may be further considered by the district court on remand." Slip op. at 10-11.

On remand, the district court heard oral arguments and received proposed findings of fact from both parties. The court concluded the evidence was insufficient to support the appellants' claim of adverse possession and prescriptive easement and reinstated the damages award in favor of the Rowlands. The district court denied the appellants' subsequent motion for reconsideration, and the appellants appeal the district court's findings.

### *Jurisdiction to hear untimely appeal*

Before considering the merits of the issues raised in this second appeal, we must first address the Rowlands' contention that we lack jurisdiction to review this appeal because the appellants filed an untimely notice of appeal. The appellants object to our consideration of this issue, pointing out that the Rowlands failed to file a cross-appeal from the district court's ruling granting the motion to file an appeal out of time.

Contrary to the appellants' suggestion, the Rowlands' failure to file a formal cross-appeal does not relieve this court of its independent duty to question jurisdiction. The right to appeal is purely statutory, and if the record shows a lack of jurisdiction for an appeal, an appellate court must dismiss the appeal. *Smith v. Russell,* 274 Kan. 1076, 1080, 58 P.3d 698 (2002). Whether jurisdiction exists is a question of law subject to de novo review. *Foster v. Kansas Dept. of Revenue,* 281 Kan. 368, 369, 130 P.3d 560 (2006). Moreover, resolution of this issue involves interpretation of K.S.A. 60-2103(a), which is also subject to de novo review. *Genesis Health*

*Club, Inc. v. City of Wichita,* 285 Kan. 1021, 1031, 181 P.3d 549 (2008).

In order to timely perfect an appeal, a notice of appeal must be filed within 30 days of the entry of judgment. K.S.A. 60-2103(a). Historically, we have recognized two exceptions to this rule. Statutorily, the legislature created an exception which permits the district court to extend the time for appeal by an additional 30 days upon a showing of excusable neglect based on a failure to learn of the entry of judgment. K.S.A. 60-2103(a). Doctrinally, Kansas appellate courts have applied a "unique circumstances" exception to permit review of an otherwise untimely appeal when (1) the appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant files a notice of appeal within the period apparently judicially extended. *Nguyen v. IBP, Inc.,* 266 Kan. 580, 587, 972 P.2d 747 (1999) (citing *Schroeder v. Urban,* 242 Kan. 710, Syl., 750 P.2d 405 [1988]).

As discussed below, the limited statutory exception does not apply here and the unique circumstances doctrine has recently been disfavored, if not disapproved, by our Supreme Court in *Finley v. Estate of DeGrazio,* 285 Kan. 202, 170 P.3d 407 (2007).

### Application of K.S.A. 60-2103(a)

The appellants argue the district court had statutory authority to grant the extension to file an out of time appeal based on "excusable neglect" under K.S.A. 60-2103(a).

A district court may extend the 30-day time period for filing a notice of appeal for an additional 30 days "upon a showing of excusable neglect based on a failure to learn of the entry of judgment." K.S.A. 60-2103(a). Absent an affirmative showing by the appellants that their failure to timely file the notice of appeal was based on a failure to learn of the entry of judgment, the district court has no authority to grant an extension of time under K.S.A. 60-2103(a). *Stanton v. KCC,* 2 Kan. App. 2d 228, 230, 577 P.2d 367, *rev. denied* 224 Kan. 845 (1978).

In *Stanton*, the appellants filed a notice of appeal more than 30 days late based upon their counsel's mistaken belief that they had 60 days to file the notice because a state agency was involved. The district court granted appellants' leave to file their appeal out of time based upon its finding that counsel acted in good faith and the neglect was excusable. Relying upon the plain language of K.S.A. 60-2103(a), this court determined that the only statutory exception for excusable neglect is *"based on a failure of a party to learn of the entry of judgment."* 2 Kan. App. 2d at 229 (quoting K.S.A. 60-2103[a]). Because appellant's counsel admitted that he learned of the entry of judgment, the *Stanton* court concluded the district court lacked authority to grant the extension of time. 2 Kan. App. 2d at 229-30.

Here, the district court received the mandate in *Rowland I* on September 15, 2006. After hearing argument and receiving proposed findings of fact and conclusions of law from the parties, the district court entered an order adopting the Rowlands' proposed findings of fact and conclusions of law. The journal entry of judgment, which incorporated the memorandum decision, was filed on January 4, 2007. Finally, on January 19, 2007, the district court denied the appellants' motion for reconsideration.

Thus, the 30-day time period from which to file a timely notice of appeal began to run on January 20, 2007 and expired on February 18, 2007. See K.S.A. 60-206(a).

On March 1, 2007, the appellants moved to file an appeal out of time based on the their "failure to learn that the order filed on January 19, 2007, constituted an entry of judgment from which the appeal time started to run." In support of the motion, appellants' counsel filed an affidavit averring that he assumed, based on the language of this court's opinion in *Rowland I*, that the case would be returned to this court after the district court made additional findings of fact. Counsel further stated that February 27, 2007, was the first day that he was aware that the district court had received the mandate and that the January 19, 2007, district court decision was a final judgment. After "discovering" the mandate in the case file, appellants' counsel contacted the Court of Appeals and learned that when a mandate is issued, a new appeal must be filed.

On March 13, 2007, the district court granted the appellants' motion to file an appeal out of time on the grounds of "excusable neglect based on [the appellants'] failure to learn of the date of the entry of the judgment." The district court extended the time to file an appeal for 30 days from February 18, 2007, citing K.S.A. 60-2103(a). The appellants filed their notice of appeal on March 15, 2007.

Although their counsel timely learned of the January 19, 2007, entry of judgment, appellants argue on appeal that the district court properly applied the excusable neglect exception of K.S.A. 60-2103(a) because their counsel was unaware of the significance of the entry of judgment. See K.S.A. 60-2103(a). Appellants suggest the language of this court's order remanding the case to the district court caused this misunderstanding. Appellants further claim that their counsel was unaware until February 27, 2006, that the mandate from this court had been received by the district court.

In addressing these claims, we initially note that appellants' counsel's claim that he was unaware of the receipt of the mandate from this court until February 27, 2006, is inconsistent with the record. The district court stated in the first sentence of its Memorandum Decision of December 6, 2006, that "the Mandate from the Kansas Court of Appeals in Case No. 05-94151-A" was received on September 15, 2006. Also, on the first page of the district court's Journal Entry of Judgment of January 4, 2007, the district court again noted its receipt on December 6, 2006, of "the Mandate from the Kansas Court of Appeals in Case No. 05-94151-A."

In any event, even assuming the accuracy of appellant's counsel assertion that he misunderstood the significance and finality of the journal entry of judgment, we must nevertheless conclude the district court erred in granting an extension of time pursuant to K.S.A. 60-2103(a) based upon excusable neglect. As this court held in *Stanton*, the plain language of K.S.A. 60-2103(a) prohibits application of the exception absent the failure of a party to *learn* of the entry of judgment. 2 Kan. App. 2d at 229. It is undisputed that appellants' counsel timely learned of the entry of judgment.

We thus conclude the district court erred in granting appellants an extension of time to file a notice of appeal under K.S.A. 60-2103(a) based upon excusable neglect.

*Unique Circumstances*

Alternatively, appellants urge us to retain jurisdiction under the unique circumstances doctrine.

In Kansas, the unique circumstances doctrine was first recognized in *Schroeder*, 242 Kan. 710. There, our Supreme Court approved this court's holding in *Stanton*, *i.e.*, that a district court lacks statutory authority under K.S.A. 60-2103(a) to grant an extension of time to file a notice of appeal except upon a finding that the party failed to learn of the entry of judgment. 242 Kan. at 711-12. The *Schroeder* court distinguished *Stanton*, however, because the party seeking to appeal out of time in *Stanton* did not request the extension within the original 30-day filing period. 242 Kan. at 712. Our Supreme Court has applied the unique circumstances doctrine to permit an untimely appeal where (1) the appellant reasonably and in good faith relied upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant filed a notice of appeal within the period apparently judicially extended. *Finley*, 285 Kan. at 207; *Nguyen*, 266 Kan. at 587; see also *In re Tax Appeal of Sumner County*, 261 Kan. 307, 316-17, 930 P.2d 1385 (1997) (untimely filed petition for reconsideration excused when Board of Tax Appeals made erroneous statement regarding filing period); *Slayden v. Sixta*, 250 Kan. 23, 30-31, 825 P.2d 119 (1992) (doctrine applied when 40-day delay in serving summons was caused by error of clerk of district court); *Schroeder*, 242 Kan. at 713-14 (untimely filing of notice of appeal excused when the district court purported to extend the appeal period).

Significantly, *Schroeder* relied upon *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 9 L. Ed. 2d 261, 83 S. Ct. 283 (1962), to conclude that in the absence of statutory authority to grant an extension, a district court may nevertheless grant an extension based upon the equitable doctrine of unique circumstances. 242 Kan. at 712-14.

However, in *Bowles v. Russell*, 551 U.S. 205, 168 L. Ed. 2d 96, 127 S. Ct. 2360 (2007), the United States Supreme Court expressly

overruled *Harris Truck Lines* and held that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." 551 U.S. at 214. The Court reasoned:

"Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate. Given that this Court has applied *Harris Truck Lines* only once in the last half century, *Thompson* [citation omitted], several courts have rightly questioned its continued validity. . . . We see no compelling reason to resurrect the doctrine from its 40-year slumber. Accordingly, we reject Bowles' reliance on the doctrine, and we overrule *Harris Truck Lines* and *Thompson* to the extent they purport to authorize an exception to a jurisdictional rule." 551 U.S. at 214.

Further, the Court in *Bowles* specifically distinguished between statute-based filing periods which are jurisdictional and rule-based time limits which are procedural and " 'can be relaxed by the Court in the exercise of its discretion.' [Citation omitted.]" 551 U.S. at 212.

Our Supreme Court had an opportunity to consider *Bowles* in a decision filed after the parties filed their briefs in this appeal, *Finley*, 285 Kan. 202. There, the district court initially granted the plaintiff's motion for an extension of time under K.S.A. 60-203(a)(1), which gives the district court authority to extend the time to perfect service of process for an additional 30 days "upon a showing of good cause." K.S.A. 60-203(a)(1). However, upon reconsideration, the district court found that the plaintiff failed to establish good cause, further found the unique circumstances doctrine inapplicable, and dismissed the petition as time barred under the statute of limitations in K.S.A. 60-513(a)(7). A panel of this court reversed the district court's dismissal, applying the unique circumstances doctrine in *Finley v. Estate of DeGrazio*, 36 Kan. App. 2d 844, 148 P.3d 1284 (2006).

In reversing the panel's decision, our Supreme Court specifically recognized *Bowles*' conclusion that a court lacks authority to create equitable exceptions to jurisdictional requirements and, therefore, that " 'use of the unique circumstances doctrine is illegitimate.' " *Finley*, 285 Kan. at 210 (citing *Bowles*, 551 U.S. at 214). Despite its explicit recognition of *Bowles*' holding, the *Finley* court proceeded to consider application of the unique circumstances doc-

trine, ultimately concluding the doctrine did not apply because it "depends upon such concepts as equity, the interests of justice, good faith, estoppel, or nonparty error"—concepts the court concluded could not be applied to the facts before it. 285 Kan. at 209, 213.

It appears the *Finley* court interpreted *Bowles* to permit application of the unique circumstances doctrine *only* if equitable exceptions justify its application—when in fact, *Bowles* ruled that courts have *no* authority to apply the doctrine "to create equitable exceptions to jurisdictional requirements." 551 U.S. at 214. Further, while our Supreme Court recognized that the unique circumstances doctrine had its roots in *Harris Truck Lines, Inc.*, it failed to recognize that the United States Supreme Court explicitly overruled *Harris Truck Lines* to the extent it authorized an exception to a jurisdictional rule. *Bowles*, 551 U.S. at 214. This overruling is significant in that, as discussed, our Supreme Court relied upon *Harris Truck Lines* in adopting the unique circumstances doctrine in *Schroeder*, 242 Kan. at 712-13.

Applying *Bowles*, the appellants' failure to file their notice of appeal within the statutory period created a jurisdictional defect which could not be cured by application of the "illegitimate" doctrine of unique circumstances. However, even if *Finley* can be interpreted to preserve the viability of the unique circumstances doctrine, the doctrine could not save this untimely appeal.

Appellants have failed to establish the second of three requirements set out above, *i.e.*, the district court's order granting the extension was not made and entered prior to the expiration of the official appeal period. The appellants' original 30-day filing period commenced on January 20, 2007, and expired on February 18, 2007. The appellants filed their motion to appeal out of time on March 1, 2007, well after the original 30-day filing period had expired, and the district court granted the extension on March 13, 2007. Because the district court's order granting the extension was not "made and entered prior to the expiration of the official appeal period," see *Nguyen*, 266 Kan. at 587, the unique circumstances doctrine, even if viable, would not apply.

Because the appellants failed to timely perfect an appeal, we lack jurisdiction and this appeal is dismissed.

Appeal dismissed.