NOT DESIGNATED FOR PUBLICATION

No. 117,179

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PAUL HERNANDEZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Finney District Court; RICKLIN R. PIERCE, judge. Opinion filed March 9, 2018.
Appeal dismissed.

*Robert J. Kennington*, of Garden City, for appellant.

*Kristi Cott*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: A jury convicted Hernandez of aggravated robbery and intimidation of a victim. Hernandez filed a direct appeal, challenging his convictions and sentence. The Court of Appeals affirmed. *State v. Hernandez*, No. 107, 750, 2013 WL 5422314 (Kan. App. 2013) (unpublished opinion).

On May 18, 2015, Hernandez filed a pro se K.S.A. 60-1507 motion. The only issues he raised were (1) the district court's failure to instruct on the lesser included offense of theft; and (2) whether there was insufficient evidence to support his aggravated

1

robbery conviction. On July 28, 2015, the district court summarily dismissed the motion because Hernandez could have raised both issues on direct appeal, and he did not provide exceptional circumstances justifying his failure to do so.

Over two months later, on October 2, 2015, Hernandez filed a notice of appeal. This court issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction as the notice of appeal was filed more than 30 days after the July 28, 2015 order at issue. Both parties timely responded to the show cause order. On April 4, 2017, this court retained jurisdiction but remanded to the district court for a hearing to determine whether an exception to the requirement of a timely notice of appeal applied using the analysis in *Albright v. State*, 292 Kan. 193, 251 P.3d 52 (2011).

At the May 5, 2017 remand hearing, Hernandez argued that *Albright* should not be the controlling standard and the district court should apply *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). The court held that *Albright* applied and that no exceptions applied to allow Hernandez to appeal out of time, so his appeal was untimely. Hernandez appeals.

Hernandez argues the district court erred in using *Albright* as the controlling standard and finding his appeal was untimely. Whether an appellate court will recognize an exception to the requirement to file a timely notice of appeal and whether an appellate court has subject matter jurisdiction are questions of law subject to unlimited review. A question of subject matter jurisdiction may be raised at any time by a party or by a court, including an appellate court. 292 Kan. at 197.

A district court has three options when handling a K.S.A. 2016 Supp. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show
> the prisoner is entitled to no relief and deny the motion summarily; (2) the court may

2

determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the district court chose the first option.

Regardless of which option a district court selects, a K.S.A. 60-1507 motion is a civil proceeding and is governed by the rules of civil procedure. Supreme Court Rule 183(a) (2017 Kan. S. Ct. R. 222). Under K.S.A. 60-2103(a), a party has 30 days from the entry of judgment to file a civil appeal. The filing of a timely notice of appeal is jurisdictional, and the failure to file a timely notice will generally result in dismissal of the appeal. *Albright*, 292 Kan. at 197.

Here, Hernandez filed his appeal more than 30 days after the district court entered judgment on his K.S.A. 60-1507 motion. Because his appeal is untimely, we generally would not have jurisdiction to hear his appeal. Hernandez contends, however, that we should allow his appeal under the exceptions recognized in *Ortiz* and the district court erred in failing to apply those exceptions to his case.

Under the *Ortiz* exceptions, an indigent defendant may file a direct criminal appeal out of time in those cases where the defendant was either: (1) not informed of the right to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Unfortunately for Hernandez, the *Ortiz* exceptions are inapplicable where a defendant files an untimely appeal from the denial of a K.S.A. 60-1507 motion. *Albright*, 292 at 201; *Guillory v. State*, 285 Kan. 223, Syl. ¶ 3,

3

170 P.3d 403 (2007). Therefore, the district court did not err in refusing to apply *Ortiz* on remand.

Instead of applying *Ortiz*, the district court applied *Albright*. Under *Albright*, courts may allow a K.S.A. 60-1507 movant to file an appeal out of time if the failure to file a timely notice was due to ineffective assistance of counsel. 292 Kan. 193, Syl. ¶ 5. Here, however, the district court did not appoint counsel for Hernandez before he filed his notice of appeal. Thus, his failure to timely appeal is not due to counsel's error, and the district court did not err in finding his appeal untimely.

Hernandez argues that fundamental fairness requires that the *Ortiz* exceptions apply here because his K.S.A. 60-1507 motion stems from an underlying criminal case. The reasoning behind the *Ortiz* exceptions, however, does not apply in civil cases such as a K.S.A. 60-1507 motion. As the Kansas Supreme Court has explained:

> "The fundamental fairness principle underlying all three [*Ortiz*] exceptions . . . is based on the fact that the defendant's failure to timely appeal was the result of being deprived of a right to which he or she was entitled by law: the statutory right to be advised of the right to appeal; the statutory right to be provided an attorney to file an appeal; or the right to have the appointed attorney perform effectively in perfecting the appeal.
> "There is no statutory right to counsel at the district court level stage for indigent K.S.A. 60-1507 movants until they meet the threshold showing of substantial legal issues or triable issues of fact. Movants who fail to meet this threshold do have a statutory right to appointment of counsel on appeal but not until after a notice of appeal has been filed." *Guillory*, 285 Kan. at 228-29.

As the district court did not have a statutory obligation to inform Hernandez of his right to appeal the denial of his K.S.A. 60-1507 motion, the first *Ortiz* exception is inapplicable. *Guillory*, 285 Kan. at 228. The district court did not appoint counsel for

4

Hernandez before he filed his appeal. He was also not entitled to representation before his appeal because he did not raise any substantial issues of fact or law in his motion. K.S.A. 22-4506(b); 285 Kan. at 228-29. Thus, the second *Ortiz* exception is also inapplicable. Finally, as he was not represented by counsel, the third exception is inapplicable as well.

Near the end of his appellate brief, Hernandez states: "Do we even have any knowledge that [Hernandez] received the judge's decision to deny the motion? There was a certificate of service to certify that the court sent this to him. However, we have no signature by Mr. Hernandez that he indeed received the court's final decision."

To the extent Hernandez is attempting to argue excusable neglect for failure to learn of the entry of judgment under K.S.A. 60-2103(a), this argument is not adequately briefed. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013) (point raised incidentally in a brief and not argued therein is deemed abandoned). He has not cited to any pertinent authority to support his argument. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015) (failure to support point with pertinent authority is akin to failing to brief the issue). As such, this argument is deemed waived and abandoned.

Furthermore, Hernandez must make an affirmative showing that his failure to timely file a notice of appeal was due to a failure to learn of the entry of judgment in order to receive an extension of time under K.S.A. 60-2103(a). *Rowland v. Barb*, 40 Kan. App. 2d 493, 496, 193 P.3d 499 (2008). Here, Hernandez has simply speculated that he might not have learned of the entry of judgment in a timely manner. Thus, this argument fails.

"[A] pro se K.S.A. 60-1507 movant is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory*, 285 Kan. at 229. Hernandez

5

did not file his appeal in time, and neither *Ortiz* nor *Albright* can save him. We are without jurisdiction to hear his appeal and must dismiss it.

Appeal dismissed.