No. 124,355

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIAM DEAN BLUE,
*Appellant*,

v.

BOARD OF SHAWNEE COUNTY COMMISSIONERS, et al.,
and CITY OF TOPEKA, et al.,
*Appellees*.

SYLLABUS BY THE COURT

1.

Interpretation of Kansas Supreme Court Administrative Order 2020-PR-58, effective May 27, 2020, presents a question of law subject to unlimited review.

2.

A case may be exempted from the suspension of deadlines under Administrative Order 2020-PR-58 if certain procedures are met by the district court judge, appellate judicial officer, or hearing officer.

3.

A court need not issue a show cause order prior to granting summary judgment under Administrative Order 2020-PR-58.

4.

A dismissal under K.S.A. 2021 Supp. 60-241(b) terminates an action or claim without consideration of the merits of the parties' claims. Such a dismissal contemplates a lack of action from the party pursuing the claim.

1

5.

A default judgment is entered when a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." K.S.A. 2021 Supp. 60-255(a). Like a dismissal under K.S.A. 2021 Supp. 60-241(b), a default judgment terminates an action without the district court's consideration of the merits.

6.

The summary judgment process is initiated when any party seeks judgment on all or part of a claim by filing a motion, with or without supporting affidavits, under K.S.A. 2021 Supp. 60-256(a).

7.

Kansas law supports a distinction between dismissals due to lack of action or missed deadlines, such as dismissal under K.S.A. 2021 Supp. 60-241(b) and default under K.S.A. 2021 Supp. 60-255, and those which are entered on the merits after consideration of the pleadings, discovery, and other evidence presented by the parties, such as K.S.A. 2021 Supp. 60-256.

Appeal from Shawnee District Court; MARY E. CHRISTOPHER, judge. Opinion filed September 2, 2022. Affirmed.

*Eric Kjorlie*, of Topeka, for appellant.

*Jonathan C. Brzon*, assistant county counselor, for appellee Board of Shawnee County Commissioners.

*Shelly Starr*, chief of litigation, City of Topeka, for appellee City of Topeka.

Before ARNOLD-BURGER, C.J., MALONE and COBLE, JJ.

COBLE, J.:  William Dean Blue filed multiple claims against the City of Topeka (City) and Shawnee County (County) after he was publicly misidentified as the person arrested for various crimes. Both the City and County filed motions for summary judgment during the COVID-19 pandemic. Blue failed to respond to the dispositive motions. The district court analyzed the motions on the merits and granted the City and County's motions. Blue sought reconsideration of the summary judgment order but the district court denied relief.

On appeal, Blue contends the district court needed to issue a show cause order prior to granting summary judgment under Kansas Supreme Court Administrative Order 2020-PR-58, effective May 27, 2020, which suspended various deadlines due to the COVID-19 pandemic. We find Blue's argument unpersuasive because the district court exempted Blue's case from the deadline suspension. And, even if Order 2020-PR-58 applied here, the district court decided the case on the merits, not on default or due to a missed deadline, and this distinction is important. The district court did not have to issue a show cause order prior to granting summary judgment on the merits. We affirm the district court's ruling.

FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2019, Blue filed multiple claims against the County and City after he was publicly misidentified as a person arrested for various crimes. Blue's petition alleged causes of action for defamation, false light invasion of privacy, and negligence.

Upon motions filed by the City and County, the district court dismissed Blue's defamation claim. Blue then filed an amended petition seeking to bolster his claim of false light invasion of privacy. A few weeks later, both defendants moved to strike and dismiss Blue's amended petition, arguing the district court should strike the amended

3

petition because Blue did not obtain consent or leave of the district court before filing. Both defendants also alternatively argued Blue failed to state viable claims for relief.

On May 27, 2020, during the initial scourge of the COVID-19 pandemic, our Supreme Court entered Administrative Order 2020-PR-58. This Order suspended "[a]ll statutes of limitation and statutory time standards or deadlines applying to the conduct or processing of judicial proceedings." Order 2020-PR-58, at 2. On June 19, 2020, the district court ordered Blue's case to be exempted from the suspension of deadlines under Order 2020-PR-58. The district court entered the order of exemption "to avoid further delay, and impose[d] a deadline of June 30, 2020, for plaintiff to file a response to the defendants' Motion(s)." The order clearly stated: "After the June 30th deadline, this matter is no longer subject to the suspension of time in the Supreme Court's order."

Blue timely responded to the City and County's motions, but the district court ultimately dismissed his claim for invasion of privacy. The district court entered a case management order setting December 28, 2020, as the deadline for completing discovery and permitted Blue to file a second amended petition that added a claim of outrage.

On December 23, 2020, the City moved for summary judgment on Blue's two remaining claims: the tort of outrage or intentional infliction of emotional distress and negligence. The County joined the City's motion a few weeks later. Blue did not file a response to either motion.

On January 22, 2021, the City's counsel notified Blue's counsel by email that his response was overdue. Blue's counsel responded that he planned to file a motion for a status conference and request a revised case management order, largely given the disruption of the pandemic which caused him to be unable to review discovery with his client. But Blue filed no motion. On March 1, 2021, the district court granted the City and County's motions for summary judgment. Although the district court noted the lack of

4

response from Blue, it examined the dispositive motions on the merits. The district court found Blue did not meet his burden of showing the conduct at issue was extreme or outrageous, his distress was extreme, or that he was entitled to damages under his negligence claim.

A few weeks later, Blue moved to reconsider, alter, and amend the district court's order granting the City and County's motions for summary judgment. Blue alleged the district court erred in entering what he considered to be a default judgment without issuing a show cause order under the requirements of Order 2020-PR-58. He argued that the district court's dismissal "denied his procedural due process rights to conduct discovery; and the ability to provide information necessary to prove up this case due to COVID-19 . . . ." He also argued the district court erred in finding the tort of outrage required a showing of physical injury.

After the City and County responded, the district court denied Blue's motion to reconsider. The district court found it did not enter a default judgment or dismiss the case for "failure to prosecute or failure to meet a deadline," but that it granted the defendants' motions "based on its findings that there were no controverted material facts and Defendants were entitled to judgment as a matter of law." Blue appeals.

In May 2022, our court clerk's office notified counsel that this case was set on this court's oral argument calendar for July 11, 2022. Counsel for the City and County appeared before the panel for argument. But counsel for Blue failed to appear. After this court tried to reach Blue's counsel by telephone but failed, the City's and County's counsel said they would waive oral argument. Four days later, Blue's counsel moved to reschedule oral argument, outlining that he was subject to quarantine after having tested positive for COVID-19. After review of the parties' briefs, this court found oral argument would not materially assist the determination of the matter and denied Blue's motion, considering the case submitted on the briefs.

ANALYSIS

In his only issue on appeal, Blue argues the district court erred, or abused its discretion, when it failed to issue a show cause order prior to granting what he terms a default judgment. As in the district court, Blue contends Order 2020-PR-58 mandated the district court issue a show cause order and its failure to do so violated his due process rights. The City and County both respond that Blue's case was exempted from Order 2020-PR-58 without objection from Blue. They also argue their motions for summary judgment did not trigger the show cause requirement.

*Standard of review*

Blue frames his issue as a question of law subject to unlimited review. But this is not altogether correct. Blue inaccurately frames his argument as an appeal from an order of default judgment and denial of a motion for new trial. As will be explained, Blue's appeal stems not from any such actions but from the district court's denial of his motion for reconsideration. The district court's denial correctly noted Blue's motion was governed by the parameters of K.S.A. 2021 Supp. 60-260(b), which offers relief from final judgment in certain circumstances.

"This court reviews a trial court's decision on a K.S.A. 60-260(b) motion for abuse of discretion." *Board of Sedgwick County Comm'rs v. City of Park City*, 41 Kan. App. 2d 646, 661, 204 P.3d 648 (2009). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). As the party asserting the district court abused its discretion, Blue bears the burden of showing such abuse of discretion. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

But to the extent this court reviews Kansas statutes, our interpretation of those statutes is a question of law subject to unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). Similarly, when this court reviews Order 2020-PR-58, we interpret a Kansas Supreme Court administrative order, which also presents a question of law subject to unlimited review. See *Dawson v. BNSF Railway Co.*, 309 Kan. 446, 451, 437 P.3d 929 (2019) (interpretation of Kansas Supreme Court Rules); see also *Haney v. City of Lawrence*, No. 123,868, 2022 WL 1197468, at *5-6 (Kan. App. 2022) (unpublished opinion) (collecting cases; noting interpretation of a Kansas Supreme Court administrative order is a question of law). We first turn to our Supreme Court's administrative order.

*Kansas Supreme Court Administrative Order 2020-PR-58*

As noted, Order 2020-PR-58 became effective while this case was pending to "secure the health and safety of court users, staff, and judicial officers." Order 2020-PR-58, at 2. Paragraph (1) of the order states: "All statutes of limitation and statutory time standards or deadlines applying to the conduct or processing of judicial proceedings are suspended until further order or the termination of this order under the terms of [House Substitute] for [Senate Bill] 102." Order 2020-PR-58, at 2.

But the order permitted exceptions to the suspension of deadlines:

"3.     Except as to a statute of limitation, any district court judge, appellate judicial officer, or hearing officer may exempt a case from the suspension of a statutory or other deadline by (a) entering an order in a case or issuing a notice of hearing that imposes a deadline or time requirement and (b) specifically stating that the deadline or time requirement is not subject to the suspension of time in this order.

"4.     No action may be dismissed for lack of prosecution or for the failure to meet a deadline, except when a court has (a) invoked the exception in paragraph 3 and

7

(b) issued an order to show cause why the action should not be dismissed." Order 2020-PR-58, at 2.

Blue's argument in his motion to reconsider, and now on appeal, hinges on his narrow reading of paragraph (4). Blue's argument improperly assumes the district court dismissed the case for failure to meet a deadline, and the district court therefore erred when it dismissed the case without issuing a show cause order in violation of paragraph (4) of Order 2020-PR-58. But the district court did not dismiss Blue's claims for lack of prosecution or for the failure to meet a deadline—despite Blue's framing the district court's action as the granting of default judgment. Rather, the district court granted summary judgment against Blue. The district court explained as much in its denial of Blue's motion for reconsideration:

"[Blue] repeatedly refers to the Court's March 1, 2021, Memorandum Decision and Order as a 'default judgment' and claims the Court entered said judgment due to [Blue] missing a filing deadline. This matter was not dismissed for failure to prosecute or failure to meet a deadline. In reality, the Court granted the Defendants' motions for summary judgment based on its findings that there were no controverted material facts and Defendants were entitled to judgment as a matter of law."

Despite the district court's clarification, Blue continues to misinterpret the ultimate decision of the district court. In his appellate brief, Blue describes the district court's order granting summary judgment in different ways. In his issue statement, he correctly refers to the district court's action as granting "summary judgment." But the text of his analysis argues the district court erred in refusing to set aside a "default judgment."

Blue similarly tries to frame the district court's grant of summary judgment as simply a dismissal—presumably to meet the parameters of Order 2020-PR-58, though this is not entirely clear. For example, he argues the district court "entered summary judgment *dismissing* [his] claims" because he did not respond to the City and County's

8

motions for summary judgment. (Emphasis added.) But as the district court clarified, it did not simply dismiss Blue's claims—it granted summary judgment against Blue after a review of the record led it to find there were no controverted material facts and the City and County were entitled to judgment as a matter of law.

Notably, Blue does not ask this court to review the district court's summary judgment decision on its merits, which would require us to undertake an examination of the evidence supporting the judgment. See *Fairfax Portfolio v. Carojoto*, 312 Kan. 92, 94-95, 472 P.3d 53 (2020) (outlining the appellate court's de novo review of a district court's decision to award summary judgment). Rather, he objects only to the district court's termination of the case without engaging in the show cause procedure required under paragraph (4) of Order 2020-PR-58.

*Dismissal, default, and summary judgment:  each distinct under Kansas law*

Blue's varied characterization of the district court ruling leads us to articulate the differences between certain types of orders— a nonexhaustive list—that may terminate a case under Kansas law. Tied to Blue's descriptions are the requirements of paragraph (4) of Order 2020-PR-58, which references only cases "dismissed for lack of prosecution or for the failure to meet a deadline . . . ." As noted, Blue classifies the district court order in three ways:  as a dismissal, as a default judgment, and as a summary judgment. Each is briefly described for clarity.

First, Kansas law provides for outright dismissal of a civil case, whether voluntary or involuntary, under K.S.A. 2021 Supp. 60-241. The portion of the statute dealing with involuntary dismissal outlines that if a plaintiff "fails to prosecute or to comply with [rules of civil procedure] or a court order, a defendant may move to dismiss the action or any claim against it." K.S.A. 2021 Supp. 60-241(b)(1). A court may also dismiss a case without prejudice for lack of prosecution on its own initiative, if the court provides notice

to counsel at least 14 days prior to the dismissal and invites the party to show cause why the case should not be dismissed. K.S.A. 2021 Supp. 60-241(b)(2). And dismissal, generally, is to terminate a claim without a hearing, especially before the trial of the issues involved, and without imposing liability on the defendant for the claims in that case. See Black's Law Dictionary 589 (11th ed. 2019) (defining "dismiss" and "dismissal").

As a result, a dismissal under K.S.A. 2021 Supp. 60-241(b) terminates a case or claim without consideration of the merits. A dismissal of this sort contemplates a lack of action from the party pursuing a claim—first, the claimant fails to comply with either civil rules or fails to prosecute a case; then the defending party seeks dismissal as a result, or the court dismisses the case on its own accord after a party's inaction. This is not what happened in this case—here, the City and County filed motions for summary judgment after Blue prosecuted his case through the discovery deadlines established in the case management order. Thus, the district court did not simply dismiss the action for failure to prosecute, as contemplated by Order 2020-PR-58.

Second, Blue erroneously calls the district court's order a default judgment. A default judgment is one entered when a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." K.S.A. 2021 Supp. 60-255(a). A "default judgment" is a "judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim." Black's Law Dictionary 526 (11th ed. 2019). And much like a dismissal under K.S.A. 2021 Supp. 60-241(b), a default judgment terminates an action without a consideration of the merits. Although a party who is granted a default judgment may receive the relief or damages it seeks under certain parameters outlined by K.S.A. 2021 Supp. 60-254(c) and 2021 Supp. 60-255(a)— the merits of the action are not analyzed as a part of the district court's decision to enter default. The decision is entirely based on the responding party's failure to defend against a claim.

10

Again, this default statute does not apply to the facts or procedural posture of the matter at hand. The parties against whom relief was sought—the City and County—did not fail to defend this action. They affirmatively sought judgment through a different statutory mechanism. Blue's failure to respond to the defendants' motion did not then transform his lack of response into a default under K.S.A. 2021 Supp. 60-255.

The third, and correct, characterization of the district court's decision is one of summary judgment. The summary judgment process is launched when any party seeks judgment on all or part of a claim by filing a motion, with or without supporting affidavits. K.S.A. 2021 Supp. 60-256(a). When a party seeks summary judgment, the court should enter judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits or declarations show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." K.S.A. 2021 Supp. 60-256(c)(2). As defined, summary judgment "allows the speedy disposition of a controversy without the need for trial." Black's Law Dictionary 1736 (11th ed. 2019); see Fed. R. Civ. Proc. 56.

Although summary judgment motions are normally denied where discovery is not complete, they are properly granted on review of the pleadings and any completed discovery, such as interrogatories answered, affidavits filed, etc., and where only a question of law is presented. See *Gragg v. Wichita State Univ.*, 261 Kan. 1037, 1061, 934 P.2d 121 (1997); K.S.A. 2021 Supp. 60-256(c)(2). Even if discovery is incomplete, the law permits a party against whom summary judgment is sought to petition the court to either deny the motion or continue its consideration if the defending party feels it needs more discovery to defend against the motion for judgment. K.S.A. 2021 Supp. 60-256(f). In this case, the discovery period was days from closing when the summary judgment motions were filed, and Blue made no request for additional time to oppose the motion or pursue additional discovery. The granting of summary judgment prior to the completion of discovery was within the district court's discretion. 261 Kan. at 1061.

11

Despite Blue's attempt to lump these three types of case terminations together, the law supports a distinction between terminations resulting from a lack of action or missed deadlines—such as dismissal under K.S.A. 2021 Supp. 60-241 and default under K.S.A. 2021 Supp. 60-255—and those which are entered on the merits of a claim after consideration of the pleadings, discovery, and other evidence presented by the parties, such as K.S.A. 2021 Supp. 60-256. Labeling the district court's decision as a "dismissal" or "default" does not make it so. The collective attributes of the district court's order— including the process undertaken by the parties to seek judgment, the procedural timing of the court's decision, and whether the district court addressed the merits of the claims— are what properly distinguish each type of termination from another.

*Kansas Supreme Court Administrative Order 2020-PR-58 does not apply to the district court's judgment.*

Order 2020-PR-58 was not applicable to the district court's grant of summary judgment, and thus its decision to deny reconsideration, for two reasons. First, given the distinctions outlined here, Blue's improper attempt to frame the district court's action as a dismissal for lack of prosecution is fatal to his argument on appeal because without his claims being "dismissed for lack of prosecution or for the failure to meet a deadline," the district court did not need to issue a show cause order under the language of paragraph (4) of Order 2020-PR-58.

Second, the district court properly followed the procedure outlined in paragraph (3) of Order 2020-PR-58 when it invoked the exemption against suspending the deadlines in Blue's case. The district court filed an order referencing paragraphs (1) and (3) of Order 2020-PR-58, and this same order noted that Blue had not filed a response to some of the defendant's earlier motions and included a date for Blue to respond. The district court concluded:  "After the June 30th deadline, this matter is no longer subject to the suspension of time in the Supreme Court's order." The district court followed the

12

directives of Order 2020-PR-58, and notably, Blue did not object to the order reinstating the deadlines.

*Blue's failure to act sealed his fate but was not determinative of the district court's decision.*

About six months after the district court reinstated deadlines in the case, and less than a week before the discovery deadline established in the case management order expired, the City and County moved for summary judgment. Blue had 21 days to file a responsive pleading to the motions for summary judgment. K.S.A. 2021 Supp. 60-256(c)(1)(B). But even after being contacted by the City's counsel about his tardy response, Blue did not respond to the City and County's motions. The record shows Blue neither requested deadline extensions, nor did he inform the district court that he was unable to take depositions or needed other discovery—as he alleged in his motion for reconsideration and now on appeal. As noted by the district court, and as occurred on appeal before this court, one of the exhibits included with Blue's motion was a filing from another case in which he sought such an extension, but Blue did no such thing in this matter. He also did not seek additional time to conduct discovery under K.S.A. 2021 Supp. 60-256(f). Blue simply took no action at all.

Given Blue did not object to reinstating deadlines and did not notify the district court or the parties of his alleged deficiencies in discovery, we do not find the district court abused its discretion when it denied Blue's motion for reconsideration of its summary judgment decision. As noted, paragraph (4) of Order 2020-PR-58 only requires the district court to issue a show cause order if the action is being "dismissed for lack of prosecution or for the failure to meet a deadline . . . ."

In conclusion, Blue's argument is not persuasive for two reasons. First, the City and County's motions for summary judgment—and the district court's ultimate granting

of those motions—occurred six to nine months after the district court exempted Blue's case from our Supreme Court's order suspending deadlines. Order 2020-PR-58 no longer applied to the case. Second, even if Order 2020-PR-58 did apply, the terms of paragraph (4) are not applicable because Blue's action was not dismissed for lack of prosecution or for failing to meet a deadline. Rather, the district court granted summary judgment against Blue because the facts were uncontroverted and the City and County were entitled to judgment as a matter of law.

As a result, Blue has not met his burden of showing the district court abused its discretion in denying his motion for reconsideration of the summary judgment decision. The district court did not make an error of law or fact. And given Blue did not object to the reinstatement of deadlines, it was not arbitrary, fanciful, or unreasonable for the district court to refuse to reconsider its judgment. See *Biglow*, 308 Kan. at 893.

Affirmed.